1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10
11
12
13
14
15

| | |
|---|---|
| TAMARES LAS VEGAS PROPERTIES, *et al.*,   ) | Case No. 2:16-cv-002933-JAD-NJK |
|                   ) | |
|         Plaintiff(s),    ) | ORDER |
|                   ) | |
| vs.                   ) | (Docket No. 26) |
| THE TRAVELERS INDEMNITY COMPANY,   ) | |
|                   ) | |
|        Defendant(s).   ) | |

16         Pending before the Court is a motion to amend scheduling order filed by Plaintiffs on an

17 emergency basis. Docket No. 26. "The filing of emergency motions is disfavored because of the

18 numerous problems they create for the opposing party and the court resolving them." *Cardoza v.*

19 *Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America,*

20 *Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are

21 built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g*

22 *Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default

23 procedures through the filing of an emergency motion impedes the adversarial process, disrupts the

24 schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship.

25 *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency

26 basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be

27 rare").

28

Emergency motions must as a threshold matter meet several technical requirements outlined in the local rules. *See, e.g.*, Local Rule 26-7(d) (emergency discovery motions must satisfy the requirements outlined in Local Rule 7-4). First, the face of the motion itself must be entitled an "Emergency Motion" so the Court has prompt notice that expedited relief is being requested. Local Rule 7-4(a). Second, the emergency motion must be accompanied by an affidavit providing several key facts necessary for the Court to determine whether, in fact, an emergency exists and allowing the Court to provide the fairest, most efficient resolution. *Id.* This affidavit must include a detailed description of the nature of the emergency. *See id.* The affidavit must also provide the contact information (telephone number and office addresses) of the movant and all other affected parties. *See id.* The affidavit must also provide a certification that, despite personal consultation and sincere effort to do so, the movant was unable to resolve the matter without court action. *See, e.g.*, Local Rule 7-4(a)(3). If the circumstances are such that personal consultation is truly not possible, the movant must provide a detailed explanation why that is the case so the Court can evaluate whether to exercise its discretion to decide the motion despite the lack of a proper pre-filing conference. *See id*. Similarly, if no notice whatsoever was provided to the opposing party regarding the filing of the motion, the affidavit must include a detailed explanation of why it was not practicable to provide that notice. *See id.* Concurrently with the filing of an emergency motion, or promptly thereafter, the movant must inform the courtroom administrators of the assigned judges that the motion was filed. Local Rule 7-4(d).

If these technical requirements are not met, the emergency motion may be denied. Local Rule 7-4(b). If these technical requirements are met, the Court will turn to the substantive requirements for filing an emergency motion. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. *See* Local Rule 7-4(c). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule; and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be

properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "it is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

In this instance, Plaintiffs have met neither of the substantive requirements for an emergency motion. The reason provided for filing the motion on an emergency basis is that the deadline for Plaintiffs to disclose their experts was not extended in the stipulation to extend discovery deadlines and, therefore, remains September 5, 2017, the date set in the initial scheduling order. Docket Nos. 26 at 4, 14 at 3. Plaintiffs' counsel submits that, on September 15, 2017, she became aware that the stipulation to extend discovery deadlines did not include a deadline for Plaintiffs to disclose their experts; this discovery is one week after the Court granted the stipulation; nine days after Plaintiffs saw the stipulation for a second time to add a signature; and fifteen days after Defendant sent Plaintiffs a draft of the stipulation to review before filing it with the Court.[1] Docket No. 26 at 5-7.[2] Plaintiffs' counsel

---

[1] Plaintiffs' counsel admits that, though she saw the exact stipulation prior to its filing, she "did not review all of the dates as carefully as [she] should have...." Docket No. 26 at 5.

[2] Plaintiffs' counsel is advised that the undersigned's law clerk did not offer a "simple solution" to counsel but merely advised her to file any appropriate motions on the docket if she needed to amend the scheduling order. Docket No. 26 at 6. Further, counsel is advised for the **third** time that Local Rule IA 7-2 forbids a party or attorney from making an *ex parte* communication by calling chambers, especially to ask for guidance on filing a motion on the docket or timing of a judge's order. If a party seeks relief from the Court, that party may file the appropriate motion on the docket. Any further

waited three weeks from discovering the issue to file this emergency motion.[3]  Docket No. 26.

Moreover, Plaintiffs' counsel provides no explanation why the pending motion was filed ten days after

Defendant's counsel stated he would not stipulate to additional time for expert disclosure.  *Id.* at 7.  The

Court finds that, although Plaintiffs did not create the underlying issue of the omitted expert disclosure

deadline in the stipulation, their omission in discovering the issue is not excusable neglect and they are

not without fault in creating the crisis.

Moreover, there is no irreparable harm identified.  Plaintiffs cite reasons why they would suffer

irreparable harm if they were unable to disclosure their expert witnesses but do not cite reasons why they

"will be irreparably prejudiced unless the motion is heard on an expedited basis."  *Cardoza*, 141 F. Supp.

3d at 1142; *see also* Docket No. 26.

For the reasons outlined above, the Court finds the pending motion shall be briefed based on the

default timetable in the Court's Local Rules and will be resolved in the ordinary course.

IT IS SO ORDERED.

DATED: October 11, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

attempts by Plaintiffs' counsel to call chambers *ex parte* may result in sanctions.

[3] The Court does not find that this three-week time period equates to Plaintiffs' submission that
they "immediately sought to amend the Scheduling Order upon learning of Defendant's counsel's
omission of a new date for Plaintiffs' expert disclosure deadline...."  Docket No. 26 at 14.

4