# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TAMARES LAS VEGAS PROPERTIES, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> TRAVELERS INDEMNITY COMPANY, ) <br> ) <br> Defendant. ) | Case No. 2:16-cv-02933-JAD-NJK <br><br> **ORDER** <br><br> (Docket Nos. 32, 32, 33, 34) |

"Discovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (citing *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)).

Pending before the Court are four discovery motions filed by the parties over a period of three days. Dockets No. 31, 32, 33, 34. Further, the parties engaged in a prior discovery motion based upon the inability of counsel to resolve an issue regarding the extension of expert deadlines. *See* Docket No. 26.

The relationship between opposing counsel appears to have completely broken down, and their written correspondence is rife with allegations against each other (as, the Court must assume, is their verbal communication). *See*, *e.g.*, Docket Nos. 26, 31, 33. Litigants and their counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *Cardoza*, 141 F.Supp.3d at 1145 (citing *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)). "Obstructive refusal to make reasonable accommodation . . . not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients." *Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994). The Court urges counsel to pause, take a breath, and try to re-set their relationship.

The Court's meet and confer requirement "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996).[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1145.

Based on the parties' conduct toward each other, the Court cannot determine that a proper meet and confer occurred. The Court **ORDERS** counsel to continue their meet and confer efforts and, more particularly, to conduct an in-person or telephonic meet-and-confer to further discuss the disputes by 5:00 p.m. today, November 3, 2017. In the event counsel resolve any portion of the pending disputes, the parties shall promptly file a notice that they are withdrawing the pending motions, and they may submit renewed briefing on the truly unresolved issues no later than November 13, 2017. In the event counsel do not resolve the dispute regarding the depositions set for next week, any response to the motion to stay depositions, Docket No. 33, must be filed no later than noon on November 6, 2017.

IT IS SO ORDERED.

Dated: November 3, 2017.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　NANCY J. KOPPE
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).