UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tamares Las Vegas Properties, LLC, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>Travelers Indemnity Company,<br><br>    Defendant | Case No.: 2:16-cv-02933-JAD-NJK<br><br>**Order Granting in Part and<br>Denying in Part Motions in Limine**<br><br>[ECF Nos. 181, 182] |

Following a historic April 2016 storm that disrupted its roof renovations, tore away any weatherproofing protections, and caused millions of dollars in damage to its building, the Plaza Hotel & Casino filed a claim with its insurer defendant Travelers Indemnity Company—which then denied coverage.  Plaza and two related companies (collectively Plaza) sued Travelers for breach of contract and contractual breach of the implied covenant of good faith and fair dealing, and the parties cross-moved for summary judgment.  In 2019, I denied Plaza's motion but granted Travelers' summary judgment on the implied-covenant claim and partial summary judgment on the breach claim.  Each side now moves in limine to limit and exclude evidence and testimony from the jury trial in this case, which is currently set for next month.  For the reasons discussed below, I deny Plaza's motion and grant in part Travelers' motion.

**Discussion**

"A motion in limine is a procedural mechanism [that is used] to limit in advance" of trial the scope of "testimony or evidence in a particular area" that will be permitted at trial.[1]  Though not explicitly authorized by the Federal Rules of Evidence (FRE), the practice of ruling in limine

---

[1] *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009).

on evidentiary issues is based on the "district court's inherent authority to manage the course of trials."[2] "[I]n limine rulings are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial."[3] "A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed."[4]

### I. Plaza's motions in limine [ECF No. 181]

#### A. Travelers will not be precluded from offering Derek Downey as an expert witness.

In its first motion, Plaza seeks to preclude Travelers' expert witness, Derek Downey, from testifying at trial.[5] It argues that Downey (1) is "unqualified" to be an expert on "meteorology, structural engineering, materials engineering[,] or roof construction" because he "dropped out of college" and lacks experience with rooftop pools, and (2) bases his opinions on "insufficient data and unreliable methodology" because he did not perform specific tensile-strength and durability tests on the tarps he purchased to compare with the covering Plaza used before the storm.[6] Because Downey's experience and the extensive investigation he conducted meet the requirements necessary for him to testify as an expert witness, I deny the motion.

FRE 702 governs the admissibility of Downey's opinions. The analysis under FRE 702 is "flexible" and district courts are instructed to apply the rule "with a liberal thrust favoring

---

[2] *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

[3] *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (emphasis removed) (citing *Luce*, 469 U.S. at 41–42).

[4] *Hana Financial, Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

[5] ECF No. 181 at 7–15.

[6] *Id.* (cleaned up).

admission."[7] The proponent of the expert's testimony must establish that it's admissible and, if it is, even "shaky" evidence shouldn't be excluded—rather, it should be "attacked by cross examination, contrary evidence, and attention to the burden of proof."[8]

So a witness "who is qualified as an expert by knowledge, skill, experience, training, *or* education may testify in the form of an opinion or otherwise if" (a) "the expert's scientific, technical, or other specialized knowledge will help" the jury "understand the evidence or determine a fact in issue"; (b) his "testimony is based on sufficient facts or data"; (c) "the testimony is the product of reliable principles and methods"; and (d) "the expert has reliably applied the principles and methods to the facts of the case."[9] The touchstones of the expert-testimony inquiry are thus relevancy and reliability. "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline."[10]

Plaza doesn't contest the relevance of Downey's expertise or testimony,[11] so I only consider whether it is reliable. Plaza first challenges Downey's qualifications—arguing that he has no formal higher education, has not authored any publications, and is not an engineer or a meteorologist.[12] But the Ninth Circuit has long recognized that FRE 702's "broad conception of expert qualifications" was intended to include those whose expertise is derived from their time

---

[7] *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017) (cleaned up).

[8] *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010); *United States v. 87.98 Acres of Land More or Less in the Cnty. of Merced*, 530 F.3d 899, 904 (9th Cir. 2008).

[9] Fed. R. Evid. 702 (emphasis added).

[10] *Primiano*, 598 F.3d at 565 (cleaned up).

[11] ECF No. 181 at 7–15.

[12] *Id.*

3

and experience in their field.[13]  In his deposition, declaration, and expert report, Downey stated that he has worked in the swimming-pool-and-spa field for more than three decades, building thousands of swimming pools—including at least 40 rooftop pools—managing their construction, and ensuring that temporary weatherproofing measures were properly taken during many of those projects.[14]  Downey plans to testify about whether the weatherproofing that Plaza's builders performed was durable enough to withstand the anticipated weather conditions prior to the storm; he has not opined and does not plan to opine on any specifics regarding engineering or meteorology.[15]  His many years of experience in the field of swimming-pool construction and project management are more than enough to qualify him as an expert on this matter—whether or not he has a degree is inapposite.

Plaza's second and final challenge to Downey's testimony fares no better.  It argues that Downey's methodology and data are insufficient and unreliable because is not "scientific."[16]  But an expert witness needn't be a scientist or conduct traditionally scientific analysis.  The reliability of expert evidence can "depend[] heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it."[17]  As Travelers argues, neither Downey nor Travelers has claimed that Downey's testimony is "scientific evidence" or went through the same style of analysis as scientific evidence.[18]  That does not mean, however, that he did not

---

[13] *Thomas v. Newton Int'l Enterprises*, 42 F.3d 1266, 1269–70 (9th Cir. 1994); *see also Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).

[14] ECF No. 187-1 at 10–11, 17, 119–20, 130–34, 228–30; ECF No. 187-2 at ¶¶ 3, 6; ECF No. 187-3 at 8–9.

[15] ECF No. 187 at 4 n.1.

[16] ECF No. 181 at 13–15.

[17] *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000).

[18] ECF No. 187 at 15.

conduct an "analysis." His expertise and testimony are instead wholly dependent on his more than 30 years working on swimming-pool construction or renovation projects. That is the expertise that Downey utilized to reach conclusions based on the photos after the storm, his inspection of the building, tarp samples, and documentary evidence provided by Plaza. And that is enough for his testimony and methods to be considered reliable under FRE 702. I thus deny Plaza's first motion in limine to preclude Derek Downey from testifying as Travelers' expert witness.

### B. Evidence relating to the faulty-workmanship exclusion will not be categorically precluded.

In my order granting partial summary judgment to Travelers, I found that the exception to the faulty-workmanship exclusion wouldn't affect the outcome of this case: should the jury find that the damage was a covered cause of loss, then it would be covered under the policy even if faulty workmanship led to the damage.[19] Contending that my determination about the exclusion and its exception are "the law of the case," Plaza seeks to exclude "evidence relating to the faulty[-]workmanship exclusion," including "a number of photographs taken" by Downey.[20] Travelers responds that Plaza's request is vague and overbroad—running afoul of this district's Local Rule 16-3—and that evidence relevant to the exclusion overlaps with evidence relevant to the central issue the jury will decide: whether the policy's Rain Limitation applies.[21] I agree with Travelers on both counts.

---

[19] ECF No. 127 at 22–25.
[20] ECF No. 181 at 21.
[21] ECF No. 187 at 21–23.

Local Rule 16-3 states that "[m]otions in limine must identify the *particular* evidence or argument to be excluded and state the constitutional, statutory, or regulatory reasons why the evidence is inadmissible or the argument is inappropriate."[22] Even the most specific portion of Plaza's motion—in which it describes the photographs Downey took—does not identify which photos in the proposed evidence I should exclude.[23] It also provides no description of what other evidence would be excluded if I grant its motion.[24] Plaza's failure to adhere to the court's local rules is alone enough to warrant its denial. But even if Plaza had identified the evidence it seeks to exclude, I would deny the motion because Plaza has not established that any evidence could be "*solely*"[25] related to the faulty-workmanship exclusion and not also related to the Rain Limitation. I thus deny Plaza's consolidated motion in its entirety.

## II. Travelers' motions in limine [ECF No. 182]

### A. Evidence of witnesses' opinions regarding their observations and initial coverage determinations will not be precluded, but it may be subject to a limiting instruction.

Travelers first moves to preclude evidence "reflecting the opinion or statements of any Travelers employee or other witness" about (1) "the interpretation of the Rain Limitation or any word used in it," (2) "whether a tarpaulin or any other devices or protections that may have been placed atop the [Plaza] in April 2016 constituted a 'roof,'" (3) "the interpretation of any other [p]olicy provision," and (4) "whether the [p]olicy provides coverage for any property damage or other loss claimed by Plaza."[26] Citing to decisions in which parties disputed the meaning of

---

[22] L.R. 16-3(a).
[23] ECF No. 181 at 16–17.
[24] *Id.*
[25] *Id.* at 16.
[26] ECF No. 182 at 4–5.

6

terms in insurance policies and sought to present that ambiguity at trial, it argues that this evidence is irrelevant because policy interpretation is a question of law that the court, and not the jury, decides.[27] Plaza responds that this evidence is alternatively relevant to this case because the contemporaneous observations and conclusions of Travelers' employees and agents—including that Plaza had used tarps to cover the pool hole, tarps could constitute a roof, and the damage was extensive[28]—are central to the factual issues the jury must decide at trial.

Although "irrelevant evidence is not admissible," "the relevancy bar is low, demanding only that the evidence logically advances a material aspect of the proposing party's case."[29] Courts may exclude even relevant evidence under FRE 403 "if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[30] In my partial-summary-judgment order, I noted that the evidence of and the parties' factual dispute regarding policy language and interpretation was "irrelevant."[31] That did not mean, as Travelers appears to contend, that any evidence relevant to policy-language interpretation is inadmissible regardless of whether it's relevant to other issues. Evidence of statements and notes made by Travelers' employees and agents regarding the damage to the Plaza building and their initial coverage determinations has some relevance to policy-language ambiguity, but it also

---

[27] *Id.* at 4–6.

[28] ECF No. 188 at 5–12.

[29] Fed. R. Evid. 402 (cleaned up); *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (cleaned up); *see also* Fed. R. Evid. 401 ("[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

[30] Fed R. Evid. 403 (emphasis added).

[31] ECF No. 127 at 20.

logically advances Plaza's arguments that it undertook property-protective measures that failed in the face of an unprecedented weather event. Because I find that the evidence Travelers seeks to exclude meets the low bar of relevancy for more than just policy interpretation, I deny its first motion. But I do so without prejudice to Travelers' ability to propose a limiting instruction at trial to ensure the jury considers the evidence for relevant purposes only.

### B. Evidence relating to Plaza's implied-covenant-breach claim will not be excluded, but it may be subject to a limiting instruction.

Next, Travelers moves to exclude all evidence related to Plaza's claim for contractual breach of the implied covenant of good faith and fair dealing, on which I granted Travelers summary judgment in 2019.[32] It argues that my summary-judgment order made irrelevant all evidence Plaza discovered about the insurer's alleged bad faith in handling Plaza's insurance claim and that admitting it would unfairly prejudice Travelers, waste time, and confuse the jury.[33] Plaza responds that this evidence is independently relevant because it shows that some of Travelers' employees believed that the precautions Plaza took constituted a roof, that the damage to the building was outside the Rain Limitation, and that the damage to the building was extensive—all issues the jury will evaluate at trial.[34] I find that the evidence is relevant to what the jury will decide at trial because it advances Plaza's arguments as to the factual disputes between the parties that the jury will decide.

The only question that remains is whether the evidence should be excluded under FRE 403 despite its relevance. Travelers argues that its internal documents and employees'

---

[32] *See generally id.*
[33] ECF No. 182 at 9–14.
[34] ECF No. 188 at 5–12.

observations would prejudice the jury against it, leave the jury with "no idea how to process" testimony about those documents and observations, and would waste trial time.[35] None of these objections has merit. Litigation necessarily involves evidence and testimony that prejudices one party or the other—indeed, that's the point. To exclude evidence under FRE 403, Travelers must show that the prejudice it expects to face both is *unfair* and *substantially* outweighs the evidence's helpfulness to the jury. It has not made that showing—nor can it. Firsthand observations of the damage and initial conclusions made by Travelers employees directly affect the reasonableness of the precautions Plaza took, which the jury will have to study. And Travelers gives even shorter shrift to its secondary points about issue confusion and time waste, making only conclusory arguments that additional testimony will take time and give the jury more to think about. I thus deny Travelers' second motion without prejudice to its ability to seek a proper limiting instruction at trial.

### C. Plaza will not be precluded from offering H. Alan Mooney as an expert witness about Plaza's precautions.

Travelers' third motion is conditional, asking that I preclude the testimony of Plaza's expert witness H. Alan Mooney if I grant Plaza's motion to bar evidence relating to the faulty-workmanship exclusion.[36] As discussed *supra*,[37] I deny Plaza's motion about that exclusion, so I deny Travelers' conditional motion as well. But even if its motion were not conditioned on my granting Plaza's, I would deny it because Mooney's opinions regarding faulty workmanship overlap significantly with the question of whether the Rain Limitation applies. Indeed, to make

---

[35] ECF No. 182 at 13.
[36] *Id.* at 14–16.
[37] *See* Section I(B).

its point about Mooney's testimony being improper, even Travelers seems to conflate the two questions. It emphasizes that Mooney would opine "*as to whether or not those were reasonable precautions* for what could have been reasonably anticipated."[38] But that is the exact question the jury will confront when deciding whether Plaza's precautions amounted to a roof, thereby making the Rain Limitation inapplicable.[39] I thus deny the motion, but as above, if at trial Mooney's testimony strays from the issues before the jury, Travelers may seek a limiting instruction.

### D.  The photos taken by Plaza's contractor meet the threshold of authenticity.

Travelers' fourth motion concerns twelve photographs of the Plaza's roof taken by Plaza's contractor in the days leading up to and during the day of the April 9, 2016, storm. It seeks an order deeming accurate and authentic date and time stamps within the photos' metadata because the parties stipulated many of the photos into evidence and plan to offer more of them into evidence, and because there is no legitimate reason to doubt the authenticity or accuracy of their metadata.[40] Plaza opposes the motion because, during discovery, Travelers was unable to bring forward witnesses who could authenticate the photographs or testify that the date and time stamps in the metadata are accurate.[41]

Under FRE 901, to authenticate "an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is," such as

---

[38] *Id.* at 15 (citation omitted).

[39] ECF No. 127 at 18 (to decide whether Plaza's precautions amounted to a "roof" under Plaza's policy, the jury must determine ". . . what weather conditions were *reasonably* anticipated before April 9 and whether the weatherproofing measures taken were *sufficiently* durable to protect against those conditions . . . .").

[40] ECF No. 182 at 16–22.

[41] ECF No. 188 at 17–22.

10

the item's distinctive "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances."[42]  The court may admit the evidence once the proponent-party makes that "prima facie showing of authenticity," but "the credibility or probative force of the evidence offered is, ultimately, an issue for the jury."[43]

The photos' metadata show that they were taken on a Samsung device between April 6 and April 9, 2016, and the parties have stipulated that they were taken by a Plaza contractor's employee.[44]  Plaza posits that metadata are dependent on user inputs—if a photographer changes the date and time on his camera, the metadata will reflect incorrect date and time stamps.[45]  But Plaza does not argue or present any evidence that these photos or their metadata were adulterated in any way, it just points out that the contractor's employees were unable to recall when the photos were taken when deposed.[46]  Because Plaza has shown no reason to doubt the photos' distinctive metadata's authenticity, I grant Travelers' fourth motion.  The photos and their date and time stamps are deemed authentic, but Plaza may still elicit and present evidence regarding metadata reliability and accuracy.

### E. Evidence of historical weather patterns in the Las Vegas Valley and related expert evidence will not be excluded.

Finally, conditioned on my granting Plaza's motion regarding the faulty-workmanship exclusion, Travelers seeks to exclude evidence of historical weather patterns in the Las Vegas

---

[42] Fed. R. Evid. 901(a), (b)(4).
[43] *United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985) (cleaned up).
[44] ECF No. 182 at 16–22.
[45] ECF No. 188 at 18.
[46] *Id.* at 18–22.

Valley and related expert testimony as irrelevant.[47] Because I deny that motion by this order, I also deny Travelers' weather-pattern motion. But even if that condition were not present, I would deny the motion because evidence of historical weather patterns and expert meteorologist testimony are relevant to whether the precautions Plaza took were reasonable under the circumstances and considering the contractors' prior experience with weather in the Valley. So I deny Travelers' fifth motion in limine.

## Conclusion

IT IS THEREFORE ORDERED that Tamares Las Vegas Properties, LLC; Plaza Hotel & Casino, LLC; and T-UPR, LLC's motion in limine **[ECF No. 181] is DENIED** and Travelers Indemnity Company's motion in limine **[ECF No. 182] is GRANTED in part and DENIED in part**:

- Travelers will not be precluded from offering Derek Downey as an expert witness or presenting evidence that relates to the faulty-workmanship exclusion.
- Plaza will not be precluded from presenting evidence of Travelers employees' observations and initial coverage determinations or relating to its implied-breach claim or offering H. Alan Mooney as an expert witness, but Travelers may seek proper limiting instructions as to this evidence's relevance.
- The parties will not be precluded from offering evidence, including expert opinion, about historical weather patterns in the Las Vegas Valley.

---

[47] ECF No. 182 at 22–23.

- The twelve photos identified by Travelers in ECF Nos. 182-14 and 182-15 are deemed authentic as to their metadata and date and time stamps under Federal Rule of Evidence 901, but this ruling does not preclude evidence regarding reliability of that metadata.

.

                                            _____
                                            U.S. District Judge Jennifer A. Dorsey
                                                          February 16, 2022